I fully concur in the majority's analysis and disposition of appellants' second and third assignments of error.
I further concur in the majority's disposition of appellant's first assignment of error. However, unlike the majority, I believe the trial court erred and abused its discretion in not requiring appellee to provide his bank records for a short time period immediately following the closing on March 15, 1995.[1]
Nevertheless, as noted by the majority, because appellants had other means available to establish proof of their payment, they cannot establish sufficient prejudice to warrant reversal on this issue.
I respectfully dissent from the majority's disposition of appellant's fourth assignment of error.
Appellants are not responsible for total replacement costs necessitated by normal wear and tear. Appellee's expert testified the carpet in the family room was okay and he did not know its condition when appellants moved in. Appellee's expert also testified rentals need painted every two to three years. Appellee's expert also testified it was reasonable to replace vinyl flooring after 17 years.
Appellee's expert's estimate (Plaintiff's Exhibit 1) did not breakdown the costs associated with each room or each item. Because some of those costs were improperly assessed against appellants, I would vacate that portion of the trial court's judgment which awarded appellee $5,538.00 and remand that matter for redetermination.
JUDGE WILLIAM B. HOFFMAN
[1] I agree the trial court did its not abuse of discretion in denying discovery of appellee's tax returns or other bank records outside a short time period immediately following the closing.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.